IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

THE ESTATE OF QUEENOLA SMITH, BY AND
THROUGH LILLY LAVALLAIS, INDIVIDUALLY
AND AS PERSONAL REPRESENTATIVE OF THE
ESTATE OF QUEENOLA SMITH, AND FOR THE
USE AND BENEFIT OF THE ESTATE AND THE
WRONGFUL DEATH BENEFICIARIES OF
QUEENOLA SMITH,                                                                    PLAINTIFF,

VS.                                                            CIVIL ACTION NO. 4:08CV92-P-S

THE COLUMBIA PROPERTY GROUP, INC.;
INVERNESS HOMES; SEYAH HOSPICE CARE, INC.;
BOBBIE FLEMMING; UNIDENTIFIED ENTITIES 3
THROUGH 10 AND JOHN DOES 1-10;                                        DEFENDANTS.

## ORDER OF REMAND

This matter comes before the court upon Plaintiff's motion for abstention and remand [7]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The plaintiff filed the instant wrongful death, medical malpractice action in the Circuit Court of Sunflower County, Mississippi on August 25, 2004. Defendant Seyah Hospice Care, Inc. filed a petition for bankruptcy in the U.S. Bankruptcy Court for the Northern District of Mississippi on April 3, 2008 – some three-and-a-half years after the plaintiff's case was initiated in state court.

On July 2, 2008 Defendant Inverness Homes removed this action to federal court, arguing that this court has jurisdiction premised upon the pending bankruptcy of Defendant Seyah Hospice

1

Care, Inc. The plaintiff has moved for this court to abstain from asserting bankruptcy jurisdiction pursuant to the mandatory and permissive abstention doctrines and to remand this case to state court. In addition to her abstention arguments, the plaintiff maintains that the removal violated the automatic stay provisions of 11 U.S.C. § 362(a)(1) and that the removal was untimely pursuant to 28 U.S.C. § 1446(b).

Because the court concludes that it will permissibly abstain from asserting bankruptcy jurisdiction in this case, the plaintiff's motion to remand should be granted and the court need not address the automatic stay or timeliness arguments.

Under 28 U.S.C. § 1334(b), a defendant may remove a case from state court if it arises under, arises in, or is related to a bankruptcy petition. For a case to arise *under* Title 11, the claims asserted must be predicated on a right created by Title 11. *See e.g., In re Chargit, Inc.*, 81 B.R. 243 (Bankr. S.D.N.Y. 1987). Cases arising *in* Title 11 are those not based on any express right of Title 11 but would have no existence outside bankruptcy. *Matter of Wood*, 825 F.2d 90 (5th Cir. 1987). Since the instant case is a state medical malpractice action filed three-and-a-half years before one of the defendants filed for bankruptcy, this case clearly neither arises under nor arises in Title 11.

A case that neither arises under nor arises in Title 11 can nevertheless be properly removed to federal court under § 1334(b) if it is "related to" a bankruptcy proceeding. Determining whether a proceeding is "related to" Title 11 is significant because the district court (either the district judge or the bankruptcy judge) to whom cases have been referred can exercise jurisdiction over both core and non-core proceedings so long as the proceedings are "related to" the underlying bankruptcy case. *Matter of Wood*, *supra*. The statutes do not define "related to" and the courts have articulated various definitions. The Fifth Circuit Court of Appeals held that proceedings "related to" a

2

bankruptcy case include (1) causes of action owned by the debtor which become property of the estate under the Bankruptcy Code, and (2) suits between third parties which have an effect on the bankruptcy estate. *Arnold v. Garlock, Inc.*, 278 F.3d 426 (5th Cir. 2001). Similarly, the Seventh Circuit has held that a case is "related to" a bankruptcy proceeding if the dispute affects the amount of property available for distribution or the allocation of property among creditors. *Matter of Xonics, Inc.*, 813 F.2d 127 (7th Cir. 1987). The defendants argue that the instant case is "related to" Seyah Hospice Care, Inc.'s pending bankruptcy because the plaintiff's claims are unliquidated claims that would have a great effect on any possible reorganization of the bankrupt defendant since resolution of the claim is necessary to determine whether a plan of reorganization may be submitted and approved.

Nevertheless, even if this court did possess bankruptcy jurisdiction, it would abstain from exercising it under the discretionary abstention doctrine. The court concludes, however, that the mandatory abstention doctrine does not apply in this case.

Pursuant to 28 U.S.C. § 1334(c)(2), the court's abstention from exercising bankruptcy jurisdiction is mandatory if (1) a party files a timely motion to abstain; (2) the underlying proceeding is based on state law; (3) the proceeding is related to a case under Title 11 but does not arise under or arise in Title 11; (4) the proceeding is one which could not have been brought in federal court absent the bankruptcy proceeding; and (5) the proceeding is one which can be timely adjudicated in state court. *E.g., In re S.E. Hornsby & Sons Sand and Gravel Co., Inc.*, 45 B.R. 988 (Bankr. M.D. La. 1985).

Ostensibly, the plaintiff can establish all elements required for mandatory abstention. However, 28 U.S.C. § 157(b)(4) provides that "[n]on-core proceedings under 157(b)(2)(B) of title

28, United States Code, shall not be subject to the mandatory abstention provisions of section 1334(c)(2)." As discussed above, the underlying case does not arise in or under Title 11, but rather is only "related to" Title 11. A "related to" case, by definition, is a non-core proceeding. *Matter of Boughton*, 49 B.R. 312, 315 (Bankr. N.D.Ill. 1985). Therefore, the doctrine of mandatory abstention is inapplicable to the instant case.

The doctrine of discretionary abstention can be found in 28 U.S.C. § 1334(c)(1) which states: "Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

Through § 1334(c)(1), Congress intended that concerns of judicial convenience and comity should be met by the discretionary exercise of abstention when appropriate, not by rigid limitations on federal jurisdiction. *Matter of Wood*, *supra*. Discretionary abstention may be compelling where a state proceeding sounds in state law and has only a limited connection with the debtor's bankruptcy case. *In re Titan Energy, Inc.*, 837 F.2d 325 (8th Cir. 1988).

Given that this case has already been litigated for almost four years in state court, the state-law issues completely dominate over the bankruptcy issues of one of the defendants, the subject lawsuit is a non-core proceeding, the lawsuit entirely arises under state law, and only one defendant among several others has a pending Chapter 11 bankruptcy petition, the court concludes that it will abstain from exercising its bankruptcy jurisdiction in the interests of justice, comity with Mississippi courts, and respect for Mississippi law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff's motion for abstention and remand [7] is **GRANTED**; therefore,

(2) This case is **REMANDED** to the Circuit Court of Sunflower County, Mississippi from whence it came, and

(3) This case is **CLOSED**.

**SO ORDERED** this the 22nd day of September, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE